United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Rebecca A. Strausbough,                                  Case No. 09-63027-R
        Debtor.                                  Chapter 13
_____/

Rebecca A. Strausbough,
        Plaintiff,

v.                                                        Adv. No. 09-5692

Co-op Services Credit Union,
        Defendant.
_____/


In re:
Christopher L. Tomasi,                                    Case No. 09-68327-R
        Debtor.                                  Chapter 13
_____/

Christopher L. Tomasi,
        Plaintiff,

v.                                                        Adv. No. 09-6810

Citizens Bank,
        Defendant.
_____/


Amended
Opinion Granting the Plaintiffs' Motions for Summary Judgment and
<u>Denying the Defendants' Motions for Summary Judgment</u>

I.

This opinion addresses the same issue in two separate adversary proceedings - whether an individual debtor in a chapter 13 case can avoid a junior lien on entireties property. The Court

concludes that a debtor can avoid a junior lien in these circumstances. Accordingly, the plaintiffs' motions for summary judgment are granted and the defendants' motions for summary judgment are denied.

A.

In the first case, *Strausbough v. Co-op Services Credit Union*, the debtor, Rebecca Strausbough, filed for chapter 13 relief on July 24, 2009. Mrs. Strausbough and her non-filing spouse own their primary residence as tenants by the entireties. On August 10, 2009, Mrs. Strausbough filed this action against Co-op Services Credit Union to determine the extent of its lien. In the complaint, Mrs. Strausbough alleges that the value of her home is $120,000, however, the amount owed to the credit union on the first mortgage is $131,117.98. Mrs. Strausbough also has a second mortgage with the credit union in the amount of $48,262.48.

Mrs. Strausbough's husband, Philip Strausbough, filed a chapter 7 case in 2008. He received a discharge on December 30, 2008. Mr. Strausbough had signed a reaffirmation agreement on the first and second mortgage, but later rescinded. The discharge order discharged the first and second mortgages as to him.

Mrs. Strausbough sought to add Mr. Strausbough as a plaintiff in this adversary proceeding, however, her motion was denied because he lacks standing.

B.

In the second case, *Tomasi v. Citizens Bank*, Christopher Tomasi filed for chapter 13 relief on September 11, 2009. Mr. Tomasi and his non-filing spouse own their primary residence as tenants by the entireties. On November 3, 2009, Mr. Tomasi filed this action against Citizens Bank to determine the extent of its lien. In the complaint, Mr. Tomasi alleges that the value of his home is $100,000. The amount owed to HSBC Mortgage on the first mortgage is $103,990.24. The amount

2

owed to Citizens Bank on the second mortgage is $45,598.48.

Mr. Tomasi's spouse, Barbara Tomasi, filed a chapter 7 case in 2008 and received a discharge on January 13, 2009. The discharge order discharged the first and second mortgages as to Mrs. Tomasi.

C.

The parties in both adversary proceedings have filed cross-motions on the issue of whether an individual debtor can avoid a junior lien on entireties property. The Court conducted a hearing on the motions on March 1, 2010, and took the matters under advisement.

II.

In each case, it is clear that the debt due on the first mortgage exceeds the value of the property. Therefore the sole issue is whether under § 506(a) and (d), a junior lien on entireties property can be avoided in a bankruptcy case filed by only one spouse.

The debtors contend that their requests for lien avoidance in these cases is not inconsistent with the status of the property as entireties property because the resolution of the lien avoidance issue will not have any effect on that status.[1]

The defendants argue that because the property is held as tenants by the entirety, the debtor, acting alone, cannot alienate, encumber or convey the property. The defendants further argue that the debtors' non-filing spouse is attempting to obtain the benefits of chapter 13 without having filed for chapter 13 relief. The defendants note that the debtors' non-filing spouses could not have avoided the lien in their individual chapter 7 cases.

---

1. The debtors further contend that because their spouses' prior bankruptcies discharged their spouses' personal obligations on their mortgages, their cases are like those in which the property is held as tenants by the entirety, but only one spouse is liable on the note and mortgage. In light of the disposition herein, it is unnecessary to consider this argument.

3

III.

11 U.S.C. § 506(a) provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C. § 506(a).

A lien against property is void "[t]o the extent [such] lien secures a claim against the debtor that is not an allowed secured claim[.]" 11 U.S.C. § 506(d).

"Where a creditor holds a second mortgage on a homestead valued at less than the debtor's secured obligation to a first mortgagee, . . . the holder of the second mortgage has only an 'unsecured claim' for § 506(a) purposes." *Lane v. Western Interstate Bancorp* (*In re Lane*), 280 F.3d 663, 664 (6th Cir. 2002). Further, "[i]f a claimant's lien on the debtor's homestead has no value at all . . . the claimant holds an 'unsecured claim' and the claimant's contractual rights are subject to modification" under § 1322(b)(2) of the Bankruptcy Code. *Id.* at 669.

As noted, the defendants argue that because the property is held as tenants by the entirety, the debtors in each case, acting alone, cannot avoid the lien.

The Court concludes that this argument must be rejected. As in *In re Lane*, 280 F.3d at 665-66, the analysis of whether a junior lien can be avoided begins with the language of § 506(a). Accordingly, in the present cases, each defendant's claim "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property[.]" 11 U.S.C. § 506(a).

By this language, the first question is what is "the estate's interest in such property[.]" The second issue is what is "the value of such creditor's interest" in that interest.

4

A.

The case law has adequately addressed the question of what is a bankruptcy estate's interest in entireties property. For the reasons set forth below, the Court concludes that a bankruptcy estate's interest in entireties property is in whatever equity is available in the entireties property that can be liquidated for the benefit of the joint creditors of the debtor and the non-filing spouse. The Court further concludes that in the present cases, the estate has no such interest.

"A tenancy by the entirety is a type of concurrent ownership in real property that is unique to married persons." *Tkachik v. Mandeville*, 764 N.W.2d 318, 322 (Mich. App. 2009). This type of concurrent ownership is intended to protect the marital estate. *Id*. In *Rogers v. Rogers*, 356 N.W.2d 288 (Mich. App. 1984), the Michigan Court of Appeals discussed the nature of entireties property:

> The classic basis for the tenancy by the entireties was the concept that "the husband and wife are but one person in the law". In a true tenancy by the entireties, each spouse is considered to own the whole and, therefore, is entitled to the enjoyment of the entirety and to survivorship. When real property is so held as tenants by the entireties, neither spouse acting alone can alienate or encumber to a third person an interest in the fee of lands so held. Neither the husband nor the wife has an individual, separate interest in entireties property, and neither has an interest in such property which may be conveyed, encumbered or alienated without the consent of the other.

*Id.* at 293 (footnotes and citations omitted).

The debtor's bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "This definition includes an individual debtor's interest in property held as tenants by the entirety." *Finneran v. Assoc. Finance Servs.* (*In re Blair*), 33 F.3d 54 (Table), 1994 WL 408192, *1 (6th Cir. 1994) (citing *Arango v. Third Nat'l Bank* (*In re Arango*), 992 F.2d 611, 613-15 (6th Cir. 1993); *Liberty State Bank & Trust v.*

*Grosslight* (*In re Grosslight*), 757 F.2d 773, 775 (6th Cir. 1985)).[2]

*In re Grosslight* specifically addressed the estate's interest in entireties property. In that opinion, the Sixth Circuit first described and then adopted the Third Circuit's view:

> The Third Circuit has held that a creditor with a judgment on a joint debt may levy upon the property itself and thus on the interests of both spouses. The debtor's interest in that portion of entireties property reachable by joint creditors therefore is not exempt. *Napotnik v. Equibank & Parkvale Savings Association*, 679 F.2d 316, 320-22 (3d Cir. 1982)[.]

*Id.* at 776.

Thus, the court held that to the extent of joint debt, a claim of entireties exemption should be disallowed.[3] As a result, the trustee is authorized to liquidate entireties property for the benefit of the joint creditors of the individual debtor and that debtor's non-filing spouse. *In re McNamara*, 273 B.R. 132, 135-36 (E.D. Mich. 2002) ("[A] timely objection to an entireties exemption may permit the trustee to administer the entireties property for the benefit of joint creditors of the debtor and the non-debtor spouse."); *In re Guzior*, 347 B.R. 237 (Bankr. E.D. Mich. 2006) ("The non-exempt portion of $ 5,109.92, which represents the unsecured joint debt to Discover Card, is subject to administration by the Trustee."); *In re Smith*, 246 B.R. 540, 543 (Bankr. E.D. Mich. 2000) ("Therefore, because the joint debts to Bank of America and Comerica Bank existed on the petition date, as is reflected in Debtor's schedules, his later admissions, and the documents filed by the Trustee and Comerica Bank,

---

2. *See also In re Hunter*, 970 F.2d 299, 305 (7th Cir. 1992) ("In enacting section 541, Congress intended to include within the bankruptcy estate a debtor's interest in entirety property. This is revealed by legislative history. It is also evident in the operation of sections 363 and 522 which, when read together, allow the trustee to make the entirety property available to satisfy claims of joint creditors."); *In re Raynard*, 327 B.R. 623, 635 (Bankr. W.D. Mich. 2005) ("It is universally accepted among all courts that a debtor's interest in entireties property becomes property of his bankruptcy estate.").

3. The Sixth Circuit specified that when an individual debtor claims an entireties exemption, "The proper procedure, of course, is to file an objection to the claim of exemptions." *Grosslight*, 757 F.2d at 777.

the Trustee is entitled to administer the entireties property to satisfy this debt to these two creditors.").

*See also Michigan Nat'l Bank v. Chrystler* (*In re Trickett*), 14 B.R. 85, 90 (Bankr. W.D. Mich. 1981) ("[T]his court will exercise its jurisdiction over the entireties property and administer the entireties property for the equal benefit of all joint creditors.").

In *Lewis v. Harlin* (*In re Harlin*), 325 B.R. 184, 189-90 (Bankr. E.D. Mich. 2005), Judge McIvor observed:

> A survey of cases addressing the Trustee's ability to sell entireties property under 11 U.S.C. § 363(h) reveals that the existence of joint creditors is a prerequisite to the exercise of the trustee's right. *See Grant v. Himmelstein* (*In re Himmelstein*), 203 B.R. 1009, 1015-16 (Bankr. M.D. Fla. 1996) (concluding "that only joint creditors can seek distribution under 11 U.S.C. § 363(h)"); *Price v. Harris*, 155 B.R. 948, 949-50 (Bankr. E.D. Va. 1993) (stating that entireties property may be administered by a bankruptcy trustee for the benefit of joint creditors under 11 U.S.C. § 363(h)); *In re Wickham*, 127 B.R. 9, 11 (Bankr. E.D. Va. 1990) (reasoning that "the debtor's claim of exemption may be required to give way to the trustee's administration of the subject tenancy by the entirety property insofar as there are joint creditors of the debtor" and his spouse).

These cases establish that from both a legal and a practical perspective, a bankruptcy estate's interest in entireties property is in whatever equity is available in the entireties property that can be liquidated for the benefit of the joint creditors of the debtor and the non-filing spouse.

In each case here, the value of the property at issue is less than the amount due on the first mortgage. As a result, there is no equity available to pay joint claims. Therefore, the Court must conclude that these estates have no interest in the entireties properties of the debtors and their non-filing spouses.

7

B.

The next question under § 506(a) is what is the "creditor's interest in the estate's interest" in the property. Plainly, because each of these bankruptcy estates has no interest in the entireties property, the second mortgage holder has no interest in the estate's interest in the property.

As held in *In re Lane*, 280 F.3d 663, 664 (6th Cir. 2002), under the plain language of § 506(a) and (d), the second mortgage holder's claim is not an allowed secured claim and is therefore void.

C.

The defendants rely on *Hunter v. Citifinancial, Inc.* (*In re Hunter*), 284 B.R. 806 (Bankr. E.D. Va. 2002), which appears to be the only case addressing this issue. On similar facts, that case concluded that because the property was entireties property, the debtor was not entitled to avoid the junior lien. After a thorough and scholarly review of the Pennsylvania law of entireties property, the court denied the relief for two reasons. First, the court stated, "The debtor's spouse has not sought relief under title 11. Neither she nor her interest in the Pennsylvania property is before the court. The debtor seeks to provide her with the benefit of having filed bankruptcy without her having borne the burden." *Id.* at 813.

Second, the court stated:

> More importantly, however, her interest is in the whole of the property, per tout et non per my. The debtor and his spouse have a concurrent interest in the entire property. Even if the lien were somehow voided as to the debtor's interest, it would remain as to the wife's interest and would encumber the entire property. This could make a difference if the parties owned the property as tenants by the entireties at the time of the death of the first tenant. If the debtor were to predecease his wife, the property would be subject to the lien because his wife's interest would be subject to the mortgage lien and she would be the sole owner of the property. If the debtor survived his spouse, the lien on her interest would disappear with her interest leaving only the husband's interest which would not [be] encumbered. However, this requires a severance of a portion of the entireties estate

8

B.

The next question under § 506(a) is what is the "creditor's interest in the estate's interest" in the property. Plainly, because each of these bankruptcy estates has no interest in the entireties property, the second mortgage holder has no interest in the estate's interest in the property.

As held in *In re Lane*, 280 F.3d 663, 664 (6th Cir. 2002), under the plain language of § 506(a) and (d), the second mortgage holder's claim is not an allowed secured claim and is therefore void.

C.

The defendants rely on *Hunter v. Citifinancial, Inc.* (*In re Hunter*), 284 B.R. 806 (Bankr. E.D. Va. 2002), which appears to be the only case addressing this issue. On similar facts, that case concluded that because the property was entireties property, the debtor was not entitled to avoid the junior lien. After a thorough and scholarly review of the Pennsylvania law of entireties property, the court denied the relief for two reasons. First, the court stated, "The debtor's spouse has not sought relief under title 11. Neither she nor her interest in the Pennsylvania property is before the court. The debtor seeks to provide her with the benefit of having filed bankruptcy without her having borne the burden." *Id.* at 813.

Second, the court stated:

> More importantly, however, her interest is in the whole of the property, per tout et non per my. The debtor and his spouse have a concurrent interest in the entire property. Even if the lien were somehow voided as to the debtor's interest, it would remain as to the wife's interest and would encumber the entire property. This could make a difference if the parties owned the property as tenants by the entireties at the time of the death of the first tenant. If the debtor were to predecease his wife, the property would be subject to the lien because his wife's interest would be subject to the mortgage lien and she would be the sole owner of the property. If the debtor survived his spouse, the lien on her interest would disappear with her interest leaving only the husband's interest which would not [be] encumbered. However, this requires a severance of a portion of the entireties estate

8

> by the debtor. Pennsylvania law envisions neither such a division of a tenancy by the entireties estate nor the unilateral severance of any portion of the entireties estate.
> The Bankruptcy Code does not assist the debtor. The only provision permitting the severance of an entireties estate or a unilateral action by one co-tenant is § 363(h). This provision expressly provides that the "trustee may sell both the estate's interest" and the co-owner's interest. There is no authority for the debtor to sell the property under § 363(h).

*Id.* (Footnote and citations omitted.)

This Court is unpersuaded by that analysis. Initially, it must be observed that although the review of Pennsylvania entireties law in *Hunter* is impressive, the decision does not analyze the value of the junior lien holder's interest in the estate's interest in the entireties property, as § 506(a) requires when the issue is whether to avoid a lien under § 506(d). The opinion simply comes to the conclusion that the avoidance of the junior lien would result in a severance of the entireties estate in violation of Pennsylvania entireties law. But that logic is circular, for the simple reason that if under the Bankruptcy Code the lien avoidance is held to be effective as to both the debtor and the non-filing spouse, there is no such improper severance.

Similarly without analytical foundation is the *Hunter* court's crucial conclusion, quoted above, that "Even if the lien were somehow voided as to the debtor's interest, it would remain as to the wife's interest and would encumber the entire property." *Id.* It rather appears to be a link in the same chain of circular logic.

This Court appreciates the *Hunter* court's concern that the non-filing spouse's property is not before the bankruptcy court in these cases, as well as its further concern that the debtor is seeking to use the Bankruptcy Code to benefit the non-filing spouse without the resulting burdens. Ultimately, however, the issue is one of Congressional intent: Did Congress intend to allow the avoidance of a junior lien on entireties property when only one spouse files bankruptcy? While the concerns

9

expressed by the *Hunter* court certainly should be considered in determining whether Congress so intended, they are not determinative. Of substantially greater weight, however, is the statute itself, which, as developed above, allows a junior lien to be avoided whether both spouses have assumed the burdens of bankruptcy or only one.

The reality is that every day, bankruptcy courts construe and apply chapter 13 in ways that benefit non-filing spouses. The most important of these benefits is probably the benefit that the non-filing spouse enjoys when his or her spouse files a chapter 13 case for the purpose of maintaining possession of the entireties property while curing the default in the mortgage on the property. Nothing in the Bankruptcy Code requires both parties to join in the filing for both of them to obtain that benefit. Similarly, nothing in the Bankruptcy Code requires a joint filing in a chapter 13 case to obtain the benefits of lien avoidance under § 506(a) and (d). In each instance, the incidental benefit to the non-filing spouse results from the fair application of the language of the Bankruptcy Code. That incidental benefit, by itself, is not grounds for a different result in either circumstance.

Finally, it must be concluded that the avoidance of a junior lien on entireties property at the request of one spouse is completely consistent with the function and effect of entireties law. As the *Hunter* court stated most succinctly:

> The tenants by the entirety enjoy certain rights. They both enjoy the right to possession and use of the entire property and the right to exclude third parties from the property. The property is not subject to the debts of either party but only joint debts of both the parties. Neither party may alien, convey or encumber his or her interest although both together can alien, convey or encumber the estate. They may not by their individual act sever the tenancy although they may do so by their joint act. The property vests in the survivor of the parties and is not subject to any provision of a will of the first party to die.

*Id.* at 811. (Citations omitted.) *See also Rogers v. Rogers*, 356 N.W.2d 288 (Mich. App. 1984).

Significantly, nothing in that catalogue of rights prohibits one of the parties to an entireties

10

estate from acting to *enhance* that estate. Indeed, such enhancements of an entireties estate by one party are quite common outside of bankruptcy. For example, one party can make a payment on a joint mortgage on the entireties property, or can pay for an improvement on the property, or can pay the taxes on the property. Similarly, the filing spouse's action to avoid the junior lien under the Bankruptcy Code is fairly characterized as an action to enhance the entireties estate. It is certainly not an action to "alien, convey or encumber his or her interest," as prohibited by entireties law.

Accordingly, the Court concludes that nothing in state law or the Bankruptcy Code precludes these plaintiffs from avoiding the junior liens on their entireties properties, and they are otherwise entitled to the relief that they seek. The plaintiffs' motions for summary judgment are granted and the defendants' motions for summary judgment are denied.

The plaintiffs may submit appropriate judgments.

For Publication.

**Signed on March 26, 2010**

                                           **/s/ Steven Rhodes**
                                           **Steven Rhodes**
                                           **United States Bankruptcy Judge**